**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ORLANDO VICENTE-VICENTE,** | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **v.** | § | **EP-26-CV-00800-DB** |
| | § | |
| **WARDEN**, *Operator of the ERO El Paso* | § | |
| *Camp East Montana, et al.*, | § | |
| **Respondents.** | § | |

**MEMORANDUM OPINION AND ORDER**

On this day, the Court considered Petitioner Orlando Vicente-Vicente's "Petition for Writ of Habeas Corpus" ("Petition"), ECF No.[1] 1, filed on March 21, 2026. Therein, Petitioner challenges the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"), arguing his detention violates the Administrative Procedures Act ("APA") and the Due Process Clause. ECF No. 1 at 22–25. After due consideration, the Court finds it lacks jurisdiction to review Petitioner's claims because Petitioner was already provided a bond hearing before an Immigration Judge. Accordingly, the Petition for Writ for Habeas Corpus must be denied.

**BACKGROUND**

Petitioner is a Guatemalan national who entered the United States in 2006. ECF No. 1 at 10. In 2025, Petitioner filed an application for asylum with U.S. Citizenship and Immigration Services ("USCIS"). *Id.* He has no criminal record and possesses a valid work authorization document. *See id.* at 10–11. Despite this, on November 3, 2025, Immigration and Customs Enforcement ("ICE") arrested Petitioner in Florida. *Id.* at 10. Petitioner was subsequently placed

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter.  When a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the page numbers assigned by the ECF system.

in removal proceedings and charged under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as a noncitizen present in the United States without a valid entry document. *Id.* at 10, 28. On January 6, 2026, Petitioner received a bond hearing before an Immigration Judge ("IJ"). *Id.* at 10. During the hearing, the IJ denied Petitioner bond based on flight risk. *Id.* at 35.

On March 21, 2026, Petitioner filed "Petition for Writ of Habeas Corpus" ECF No. 1, challenging the legality of his detention and asking the Court to order release or a second bond hearing where the government bears the burden of demonstrating Petitioner is a flight risk or danger to the community. *Id.* at 26. Pursuant to the Court's briefing schedule, Respondents filed their response, ECF No. 4, on March 27, 2026. Petitioner filed a reply on March 31, 2026. ECF No. 5.

## **LEGAL STANDARD**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate they are in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## **ANALYSIS**

In addressing the Petition, the Court first considers whether it has jurisdiction to decide Petitioner's claims. Here, Petitioner raises claims under both the Administrative Procedures Act[2]

---

[2] *See* ECF No. 1 at 23, 24 (arguing Petitioner's detention violates the APA because (1) Respondents did not articulate a "satisfactory explanation" for their decision to detain Petitioner, they simply subjected him to mandatory detention without considering his individualized circumstances; and

2

and the Due Process Clause.[3] However, Petitioner's claims are largely predicated on allegations that no individualized custody determination was made,[4] which is simply untrue based on Petitioner's own assertions. Petitioner was provided with a bond hearing on January 9, 2026, where the IJ denied bond based on flight risk. ECF No. 1 at 2, 35. Pursuant to 8 U.S.C. § 1226(e), the Court is prohibited from setting aside this decision.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Congress provided in 8 U.S.C. § 1226(e) that "[t]he Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review." 8 U.S.C. § 1226(e). The statute explicitly prohibits the courts from setting aside "any action or decision. . . regarding the detention or release of any [noncitizen] or the grant, revocation, or denial of bond or parole." *Id.* Because the decision to detain Petitioner without bond was made following an individualized review of the record by an Immigration Judge, the Court finds it is stripped of

---

(2) the decision to detain Petitioner was made and/or directed by unauthorized government officials in Washington D.C.)

[3] *See* ECF No. 1 at 25 (arguing Petitioner's detention violates his procedural due process rights because no individualized custody determination was made); ECF No. 1 at 15–18 (arguing Petitioner's detention violates his substantive due process rights because it serves no lawful purpose as he is neither a flight risk nor a danger to the community).

[4] Although Petitioner states in his reply that he raised claims under the Fourth Amendment and the regulations governing the revocation of parole, *see* ECF No. 5 at 8–11, an extensive review of the Petition reveals that no such claims were ever raised therein. As such, the Court will not consider these issues. *See United States v. Aguilera-DeLeon*, 436 F. App'x 333, 335 (5th Cir. 2011) (explaining that a "claim raised for the first time in a reply brief will generally not be considered[,]" unless the issue was raised "in response to an issue raised in an appellee's brief.").

jurisdiction under 8 U.S.C. § 1226(e) and cannot review Petitioner's claims.[5] The Petition must be denied.[6]

**CONCLUSION**

For the reasons stated above, the Court determines it cannot exercise jurisdiction over Petitioner's claim. Accordingly, **IT IS HEREBY ORDERED** Petitioner's "Petition for Writ of Habeas Corpus," ECF No. 1, is **DENIED.**

SIGNED this **1st** day of **April 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[5] This is not to say a noncitizen who has been afforded a bond hearing could never prevail on claims arising under the Due Process Clause. The Court's determinations herein are limited to the facts of this case. Petitioner concedes he has in fact received an individualized hearing on the merits during his current detention period but otherwise attempts to challenge Respondents' mandatory detention policy. The Court declines jurisdiction to review the Immigration Judge's substantive findings.

[6] As to the APA claims, the Court also finds it does not have subject matter jurisdiction because Petitioner lacks standing because he has not suffered an injury in fact. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) ("Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling."). Petitioner has received a bond hearing, making any alleged injury under the APA illusory.